United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH GOMEZ MATOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-752 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Petitioner Elizabeth Gomez Matos is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases her habeas action on the Due Process Clause of the Fifth Amendment.

For the following reasons, the Court concludes that Petitioner is not entitled to relief.

## I.

Petitioner argues that her continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates her Fifth Amendment due process rights.

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time."). These decisions applied the Supreme Court's jurisprudence

recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning in these decisions to be persuasive, despite Petitioner's attempt to distinguish them. (*See* Statement, Doc. 6) For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

**II.**

Petitioner additionally alleges that having initially been paroled into the United States at a California port of entry, and having enjoyed liberty under this parole for two and a half years, Respondents cannot now revoke this liberty without violating the Due Process Clause of the Fifth Amendment. (*See* Petition, Doc. 1, ¶¶ 38, 41, 44, 50, 53; Statement, Doc. 6, 1–2)

But "Petitioner concedes that she became subject to detention under Section 1225(b)(2)(A) upon the expiration of her parole period." (Statement, Doc. 6, 3; *see also id.* at 7 (acknowledging that "as a parolee whose parole period has period, she is treated as an applicant for admission for purposes of the detention statute.") This concession defeats Petitioner's claim. While the United States initially detained and released Petitioner on parole and under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising their authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since she entered the country without being admitted. The Fifth Circuit has recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Buenrostro-Mendez v. Bondi,* 166 F.4th 494, 507 (5th Cir. 2026).

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to her. But no statutory or regulatory provision, and no constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that she could make such a showing or that she was prevented from attempting to do so.

**III.**

For these reasons, the Court finds that Petitioner is not entitled to the relief that she requests. Accordingly, it is:

**ORDERED** that Petitioner Elizabeth Gomez Matos's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Complaint for Declaratory & Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on October 15, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge